**Don B. STEFFA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 362.

Supreme Court of Alaska.

April 9, 1964.

15. AS 38.05.135–180.

Grayson C. Allen, Anchorage, for appellant.

Robert C. Erwin and Dorothy Awes Haaland, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellant was found guilty by a jury of issuing checks with insufficient funds in violation of statute [1] and has appealed his judgment of conviction.

On November 15, 1962 appellant issued a check on the Alaska State Bank in the amount of $125.00 in payment of a bill for $107.00 for work done on his automobile. He received $18.00 in change. Appellant admits that at the time he wrote this check he knew that the Alaska State Bank had closed out his checking account.

Appellant then apparently spent some time in jail on another check charge and upon his release gave a check on the Alaska State Bank on December 2, 1962 for $60.00 as payment for a television set.

■ Appellant's first point is that there was insufficient evidence to sustain the verdict. Particularly, appellant claims that evidence of an intent to defraud was lacking.

Since appellant admitted writing the checks on an account which he knew was nonexistent, the only element of the offense required to be proved was that of an intent to defraud.

The State was aided in that respect by section 65–5–48(d) ACLA Cum.Supp.1957 then in effect [2] which provided that the uttering or delivery of a check to another without funds or credit sufficient to meet it is prima facie evidence of intent to defraud. Appellant's testimony was that he had advised the recipient of each check that it was given merely as a deposit and was not to be presented to the bank for payment. The testimony of the State's witnesses was directly contrary. There was ample evidence to support the State's case if believed by the jury and obviously it was. We find no error in this respect.

■ Appellant's second point is that the trial court erred in denying his request for an order directing a mistrial. The prosecutor asked the State's witness Neal Wyatt where he had attempted to deposit a check. The witness had answered as follows:

"A. This was the Northern Lights Branch of the First National Bank of Anchorage. I presented it at the drive-in window and with my deposit slip and the teller there took a look at it—"

At this point counsel for appellant interrupted and objected to hearsay testimony. After being overruled by the court, the witness was allowed to complete the answer which was:

"A. She took the check, looked at it and instructed me to take it immediately to the Police Station."

1. § 65–5–48(d) ACLA Cum.Supp.1957 in effect at the time of commission of the acts in question stated:
. "(d) Any person who shall with intent to defraud make, or draw, or utter, or deliver to another person any check, or draft, on a bank or other depository for the payment of money, knowing at the time of such drawing, or delivery, that he has not sufficient funds in, or credit with said bank or depository, to meet said check or draft, in full upon its presentation, shall be guilty of larceny. * * * *"
Now AS 11.20.230.

2. Now AS 11.20.250.

Counsel for appellant requested a mistrial which was denied. The court instructed the jury to disregard the answer and to not consider it for any purpose.

Appellant argues that the answer was hearsay, highly prejudicial and that the trial court erred in not declaring a mistrial.

The trial court did not err. Although the answer contained hearsay, we believe that in view of all of the other evidence in support of the charge, any prejudice resulting from the admission of the evidence complained of was slight and was removed by the court's instruction.

The judgment is affirmed.